No. 39

NEAL v. OHIO OIL CO.

Ohio Appeals, 6th Dist., Wood Co.

No. 390. Decided Nov. 29, 1926

923. PLEADING—The filing of motion for rehearing before the Industrial Cpmmission within the statutory period laid down in 1465-90 GC., is a condition precedent to filing a petition in the Common Pleas Court.

WILLIAMS, J.

Trava L. Neal filed with the Industrial Com-

mission a claim against the Ohio Oil Company, for benefits arising out of the death of her husband from injuries which she claimed were received in the course of his employment.

The Industrial Commission denied the claim, and she, without filing an application for rehearing with the Commission, filed her petition in the Wood Common Pleas upon which summons was issued and duly served. The Oil Co. filed a motion to quash service upon the ground that no application for rehearing was made before appeal to the Common Pleas. The Court of Appeals held:

1. Under Sec. 1465-90 GC. it follows that no motion can rightfully be begun in the Common Pleas under the law before an application for rehearing is filed and overruled by the Commission.

2. Neal's claim that the provision of the section relating to a motion for a rehearing has no application, because the Commission did have jurisdiction of her claim, reacts as a boomerang, for if this condition is made it admits that the Commission had final jurisdiction in the matter.

Judgment affirmed.

(Culbert and Richards, JJ., concur.)

Attorneys—J. Harrington Boyd, Toledo, & Eldon M. Young, Bowling Green, O., for Neal; Riegle, Riegle & Cheney, Bowling Green, and Merle H. Poe, Findlay, for Company.